RENDERED:  MARCH 1, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0108-MR

JAIME MCCOY[1] AND HEATHER
MCCOY DANIELS                                        APPELLANTS


APPEAL FROM PIKE CIRCUIT COURT
v.        HONORABLE JAMES W. CRAFT, II, SPECIAL JUDGE
ACTION NO. 19-CI-01328


JUDY PAFUNDA; ESTATE OF FERN
MCCOY; ESTATE OF JACK DON
MCCOY; AND SETH MCCOY                                APPELLEES


OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE:  ACREE, GOODWINE, AND JONES, JUDGES.

GOODWINE, JUDGE:  Jamie McCoy and Heather McCoy Daniels (collectively,

"Granddaughters") appeal the October 14, 2020 and January 5, 2023 orders of the

Pike Circuit Court.  We reverse and remand.

---

[1] Appellant's name is spelled "Jaime" in the notice of appeal.  However, elsewhere in the record, her name is spelled "Jamie."  Although we have no way to be sure which is the correct spelling, we will proceed with "Jamie" for consistency because this is the spelling used in the underlying complaint, the will in question, and the circuit court's findings of fact.

## BACKGROUND

The parties in this case are members of a family with a discordant history. Prior to his death in 2007, Arnold McCoy ("Arnold") created a revocable trust for the benefit of his wife, Fern McCoy ("Fern"), and their children, Judy McCoy Pafunda ("Judy"), Jack Donald McCoy ("Don"), Ronald G. McCoy ("Ron"), and Eddie A. McCoy ("Eddie"). Arnold named Community Trust & Investment Company ("CTIC") as trustee. Upon Fern's death, the remaining trust assets were to be distributed equally between the four children. Fern passed away in 2016.

In 2017, in Pike Circuit Court Action No. 17-CI-00146, Ron and Eddie filed a complaint against Fern's estate, Don, Judy, Edward D. Jones & Co., L.P. ("Edward Jones"), and JC Hensley, individually and as an agent for Edward Jones (collectively, "the trust litigation"). Therein, Ron and Eddie sought to enforce the terms of the trust and recover funds they claimed were wrongfully distributed.

They alleged that after Arnold's death, Fern asked CTIC to distribute her $370,500.00 from the trust principal. CTIC denied this request because it was outside the terms of the trust. Thereafter, Fern terminated CTIC as trustee and named herself as successor trustee. She transferred the trust assets to Edward Jones and withdrew the funds CTIC previously denied. Ron and Eddie also

alleged Fern continued to distribute trust funds to herself, Judy, and Don in violation of the trust's terms. Ron and Eddie allege their claims are supported by an accounting completed by order of the district court.

The trust litigation was resolved by mediation on March 11, 2019. Judy and Don agreed to pay Eddie and Ron each $310,000.00 for a total of $620,000.00. The parties agreed that $381,000.00 would be paid from Fern's estate and $239,000.00 from the trust. The parties also agreed the trust litigation and settlement "shall not be deemed as a contest of the Will in the Estate of Fern McCoy, deceased." Record ("R.") at 42. The siblings and their respective counsel signed the agreement.

Soon thereafter, Ron and Eddie moved to enforce the settlement agreement. Judy and Don moved to set it aside. On April 26, 2019, the circuit court denied the motion to set aside and granted the motion to enforce the agreement. In its order, the court found "[t]he parties further agreed that this litigation and settlement shall not be deemed as a contest of the Will in the Estate of Fern McCoy, deceased." *Id.* at 165. The court's order was final and appealable. None of the parties appealed from the order.

Prior to her death, Fern devised a will which, in part, bequeathed

### ITEM VI

All of the rest and residue of my property,
whatsoever situated, I devise and bequeath as follows:

-3-

1/4 to my daughter, Judy McCoy Pafunda

1/4 to my son, Don McCoy

1/4 to my granddaughter, Heather McCoy

1/4 to my granddaughter, Jamie McCoy

. . .

The interests to the four named above is subject to the following bequest:

$100.00 to my son Ron G. McCoy

$100.00 to my son Eddie A. McCoy

Ron and Eddie are to only receive $100.00 each for actions, in writing and orally, known to them. As noted above, their daughters inherit instead of them. The bequest of $100.00 each to Ron and Eddie are done so with the knowledge that both Ron and Eddie are beneficiaries of 1/4 each in my husband's Trust (Arnold McCoy Trust). The Arnold McCoy Trust has substantially more assets than my estate.

## ITEM VII

Because of the squabbling and infighting between some of my children, and my desire to see this stopped, I direct that in the event one or more children contest this Will in any respect, including named personal representatives, said child or children will only receive the sum of $1.00. If either of my sons, Ron G. McCoy, or Eddie McCoy, do so, the bequests to their daughter or daughters will be changed to receiving only $100.00. The forfeited shares to be divided equally to the other children.

*Id*. at 146-47.

Fern's will was admitted to probate in 2016 and, per Fern's wishes, Judy and Don were named co-executors. While the trust litigation was pending, Judy and Don submitted a "Notice of Will Contest" in probate alleging Granddaughters were each entitled to only $100.00 because the trust litigation constituted a contest of Fern's will under Item VII.[2] R. at 154. The district court determined the notice was not binding on the court or parties, and that the circuit court had jurisdiction to determine whether there had been a will contest. It ordered that the estate would proceed as though there had been no will contest.

After the trust litigation was settled, Judy, in her capacity of co-executor of Fern's estate, initiated this case by filing a petition against Granddaughters requesting the trust litigation be deemed a violation of Item VII, the "no-contest clause," of Fern's will. Granddaughters moved for summary judgment. In its October 14, 2020 order, the circuit court denied the motion because the no-contest clause prohibited the children from contesting the will "in any aspect." *Id*. at 642.

---

[2] In a letter which was made part of the record, counsel for Judy admitted the notice was not filed with "the intent to reduce the bequest of Fern McCoy to Heather and Jamie, but for another purpose. This correspondence is for the purpose of advising Heather and Jamie that Judy and Don will proceed in a manner fulfilling Fern's wishes in her Will leaving 1/4 to Heather and 1/4 to Jamie." R. at 46. Both Judy and her counsel signed the letter.

Judy filed a motion for summary judgment on February 24, 2022.[3]  In April 2022, the district court removed the executors of Fern's estate and appointed Todd Kennedy, Esq. ("Kennedy") as Public Administrator of the estate.  Kennedy filed a response in opposition of Judy's motion and adopted Granddaughters' proposed findings of fact, conclusions of law, and judgment.

After a hearing, the circuit court granted Judy's motion for summary judgment.  In part, the court found Granddaughters, Ron, and Eddie sought "to disrupt the [Fern's] overall estate plan and the disposition of her assets."  *Id*. at 647.  The court found the legal proceedings were "designed to thwart the wishes of [Fern] as expressed in her will" and to disrupt the "complex estate plan" of both Arnold and Fern.  *Id.* at 650, 653.  As to the no-contest clause, the court found

> [t]he clause is expansive.  It was clearly her wish to include a contest of the will, and any aspect thereof, including the named representatives.  This would extend beyond a traditional dispute over the validity of the will, such as its execution.  It would also include a contest of the various parts of the will document, including the revocable trust.

*Id*. at 651.

This appeal followed.[4]

---

[3] Don passed away on February 24, 2021.

[4] Judy Pafunda, the Estate of Fern McCoy, the Estate of Jack Don McCoy, and Seth McCoy are named appellees.  Only Judy has submitted a brief for our consideration.

## STANDARD OF REVIEW

The proper standard of review on appeal when a trial judge has granted a motion for summary judgment is whether the record, when examined in its entirety, shows there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. The trial judge must view the evidence in a light most favorable to the nonmoving party, resolving all doubts in its favor. Because summary judgment does not require findings of fact but only an examination of the record to determine whether material issues of fact exist, we generally review the grant of summary judgment without deference to either the trial court's assessment of the record or its legal conclusions.

*Bruner v. Cooper*, 677 S.W.3d 252, 269 (Ky. 2023) (quoting *Hammons v. Hammons*, 327 S.W.3d 444, 448 (Ky. 2010)). Additionally, we review a circuit court's interpretation of a will, like a contract, *de novo*. *Benjamin v. JP Morgan Chase Bank, N.A.*, 305 S.W.3d 446, 451 (Ky. App. 2010) (citations omitted).

## ANALYSIS

Before we reach the merits of this appeal, we will address Judy's request that we review Granddaughters' claims for manifest injustice because they failed to include preservation statements within their argument. An appellant's brief must "contain at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner." RAP[5] 32(A)(4). In their reply brief, Granddaughters identify

---

[5] Kentucky Rules of Appellate Procedure.

where and in what manner each argument was preserved for appeal. It is within our authority to (1) ignore the error and proceed with our review; (2) strike the brief "for failure to substantially comply with the requirements of these rules; or (3) review the alleged errors for manifest injustice. RAP 31(H)(1); *Ford v. Commonwealth*, 628 S.W.3d 147, 155 (Ky. 2021). Because Granddaughters actually preserved their alleged errors and, although they did not comply with RAP 32(A)(4), they ultimately provided statements of preservation, we will ignore this deficiency and proceed with our review.

On appeal, Granddaughters argue: (1) the circuit court erroneously expanded the scope of the no-contest clause beyond its express terms; (2) the trust litigation did not contest the Fern's will or the trust itself; (3) Judy is collaterally estopped from relitigating an issue finally decided by the settlement agreement and the April 26, 2019 order entered in the trust litigation; (4) the settlement agreement amounts to a judicial admission by Judy; (5) the trust litigation could not be a will contest because all beneficiaries were not party to the litigation; and (6) the circuit court's interpretation of the no-contest clause is against public policy.

First, the trust litigation was not a contest of Fern's will and, therefore, the circuit court's interpretation of the no-contest clause was erroneous. "A no-contest clause provision in a will or trust is referred to as an *in terrorem* clause because its purpose is to strike fear into the heart of a beneficiary who might

wish to consider contesting the provisions of the trust." *Commonwealth Bank & Trust Co. v. Young*, 361 S.W.3d 344, 352 (Ky. App. 2012) (internal quotation marks omitted). A testator may include such a provision in her will for a number of reasons including to attempt to reduce costs, avoid hostilities among beneficiaries, and to keep their bequests private. *Id.* In Kentucky, no-contest clauses are enforceable but must be "strictly construed and are not extended beyond their express terms." *Id.* (citation omitted). To strictly construe the express terms of a will, a court must consider only the literal words of a writing and consider those words "narrowly." *Strict Construction*, Black's Law Dictionary (11th ed. 2019). This requires highly restrictive readings. *Id.*

The no-contest clause in Fern's will states, in relevant part, "I direct that in the event one or more children contest **this Will in any aspect**, including named personal representatives, said child or children will only receive the sum of $1.00." R. at 146-47 (emphasis added). The express terms of this clause can only be read to apply to contests of Fern's will, not the trust created by Arnold. The circuit court's expansive reading of this clause to apply to both Fern and Arnold's "complex estate plan" is beyond the scope of the no-contest clause's express terms. Furthermore, to read the no-contest clause to bar the children from initiating litigation of any kind against Fern's estate's personal representatives is not a sufficiently restrictive reading of the clause. The trust litigation did not implicate

the terms of Fern's will, nor did it seek to annul or vacate any portion of the will. *See Strunk v. Lawson*, 447 S.W.3d 641, 649 (Ky. App. 2013) (citation omitted). As such, it does not constitute a will contest.

Furthermore, the trust litigation was not a contest of the trust itself, making the circuit court's findings regarding attempts by Granddaughters, Ron, and Eddie to thwart the overall estate plan unfounded. "An action to interpret a will or trust document or an action for breach of a trustee's fiduciary duties is consistent with the well established rule that the deceased's intent be effectuated." *Young*, 361 S.W.3d at 353; *see also Strunk*, 447 S.W.3d at 649 (holding an action to interpret a will and establish how to distribute the estate does not contest the will itself). In the trust litigation, Ron and Eddie claimed Fern breached her fiduciary duties, sought to enforce the terms of the trust, and asserted their rights as beneficiaries. Therefore, they did not contest the trust.

Because the above analysis is determinative of this appeal, we decline to address the merits of Granddaughters' remaining arguments.

## CONCLUSION

Based on the foregoing, the October 14, 2020 and January 5, 2019 orders of the Pike Circuit Court are reversed and remanded for entry of an order granting Granddaughters' motion for summary judgment.

ALL CONCUR.

-10-

BRIEFS FOR APPELLANTS:

David L. Baird
Pikeville, Kentucky

BRIEF FOR APPELLEE JUDY
PAFUNDA:

Daniel F. Dotson
Whitesburg, Kentucky